# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ANGELA P. TERRELL, )
)
        Plaintiff, )
)
v. ) Case No. CIV-09-192-FHS
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Angela P. Terrell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 19, 1972 and was 36 years old at the time of the ALJ's decision. Claimant completed her education through the ninth grade and obtained her GED. Claimant has no past relevant work. Claimant alleges an inability to work beginning

3

July 1, 2005 due to depression, suicidal thoughts, auditory and visual hallucinations, moodiness, sensitivity, anger problems, difficulties getting along with people, concentration problems, memory problems, sleep problems, and fatigue.

**Procedural History**

On July 7, 2006, Claimant filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 29, 2008, an administrative hearing were held before ALJ Norma Cannon in Morgantown, West Virginia. On June 17, 2008, the ALJ issued an unfavorable decision on Claimant's application. On April 15, 2009, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work with limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to perform a longitudinal assessment of the functional limitations caused by Claimant's mental impairments and ignored probative evidence which contradicted her findings; and (2) engaging in a faulty RFC evaluation. Claimant also contends the case must be remanded to consider new and material evidence.

**Evaluation of Claimant's Mental Impairments**

Claimant first sought medical treatment for depression in October of 2005 at the Choctaw Nation-Stigler Clinic. She reported that she had experienced depression since March of that same year. Claimant reported suicidal and homicidal thoughts. She was diagnosed with depression and prescribed medication. (Tr. 186-87). Claimant reported improvement in her depression in a visit in November of 2005. The attending physician believed Claimant was exhibiting bipolar tendencies and needed to see a specialist. (184-85).

Claimant reported she remained depressed on November 29, 2005. Although she reported that medications were helping, she was still depressed. She stated that she was thinking about killing her boyfriend during her last visit to the doctor but had not made plans. She did not report current homicidal thoughts. Claimant's

medications were modified. (Tr. 182-83).

In December of 2005, Claimant reported she felt terrible after running out of Trazodone. She stated none of her medications were helping her anxiety and depression. Claimant was diagnosed with anxiety and continued medication. (Tr. 180-81).

On January 5, 2006, Claimant sought treatment for depression and crying spells at the Carl Albert Community Mental Health Center. Claimant was assessed a GAF of 50. (Tr. 179).

Claimant continued seeking treatment for her depression with modifications to her medications through February of 2006. (Tr. 171-76). In July of 2006, Claimant's physician diagnosed her with depression and borderline personality disorder. (Tr. 168-70).

On August 28, 2006, Claimant underwent a Mental Status Examination with Dr. Diane Brandmiller. Claimant reported she was depressed, could not do anything, and stayed in her room all the time. She informed Dr. Brandmiller that she never held a job for longer than two months and usually only a few days. Dr. Brandmiller determined Claimant had short-term memory deficits and was dependent on others. She was uncomfortable interacting with more than one person at a time. Dr. Brandmiller diagnosed Claimant at Axis I: Depressive Disorder Not Otherwise Specified; Axis II: Personality Disorder Not Otherwise Specified with Dependent

Features; Axis III: None; Axis IV: Unemployment; Axis V: GAF of 55. (Tr. 136-39).

On September 12, 2006, a Psychiatric Review Technique form was completed by Dr. Carolyn Goodrich. Dr. Goodrich found Claimant suffered from Affective Disorder and Personality Disorders. She determined Claimant was moderately limited in the areas of maintaining social functioning, maintaining concentration, persistence, or pace and mildly limited in activities of daily living. (Tr. 141-53).

Dr. Goodrich also completed a Mental Residual Functional Capacity Assessment form on Claimant. She found Claimant was moderately limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact with the general public. Dr. Goodrich concluded that Claimant could perform simple tasks and some complex tasks with routine supervision. She also found Claimant could relate to supervisors and peers on a superficial work basis and could adapt to a work situation. (Tr. 155-57).

On October 20, 2006, Claimant again sought treatment when she began having daily suicidal thoughts and was planning on cutting off her ring finger with an ax. (Tr. 159). She reported having feelings of helplessness, hopelessness, worthlessness, being

7

trapped, isolated and withdrawn from life. She had paranoia, daily auditory and visual hallucinations, made several pacts with the devil to have what she wants. She experienced anxiety two or three times per week and had nightmares and flashbacks of past abuse. Id. She was assessed at a GAF of 50.

Claimant continued to seek and obtain treatment for hallucinations, depression and anxiety through January of 2007. (Tr. 165-66, 194).

In her decision, the ALJ found Claimant suffered from the severe impairments of affective disorder and non-severe personality disorder. She concluded that the objective medical evidence showed the presence of severe depression with anxiety but not to any ongoing disabling degree. (Tr. 13). As a result, the ALJ determined Claimant retained an RFC to perform medium work. (Tr. 19).

Claimant first contends that the ALJ failed to perform the longitudinal assessment of her mental impairments and the resulting functional limitations. The agency regulations set forth the process for evaluation of mental impairments. 20 C.F.R. §§ 404.1520a; 416.920a. The agency is required "to consider ... all relevant evidence to obtain a longitudinal picture of [the claimant's] overall degree of functional limitation." Id. §§

404.1520a(c)(1); 416.920a(c)(1). The claimant's impairment is then rated by its effect on four functional areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. §§ 404.1520a(c)(3); 416.920a(c)(3). The ALJ is required to document her evaluation of these functional factors in the body of her decision, id. §§ 404.1520a(e); 416.920a(e), making specific findings as to the evidence relied upon and the degree of limitation in each of these areas, id. §§ 404.1520a(e)(2); 416.920a(e)(2). The ALJ engaged in this required analysis.

The more pressing question is whether the ALJ considered all of the relevant, probative evidence in the record. The totality of the treatment history with the Choctaw Nation-Stigler Clinic and Carl Albert Mental Health facility are not referenced in the ALJ's decision. Claimant's continuing problems with depression were not fully documented by the ALJ. The last record referenced by the ALJ from Claimant's extensive treatment history was from November 29, 2005 when medication caused an improvement in Claimant's depression. (Tr. 16, 182). A multitude of records follow which show progressive depression and anxiety as well as required modifications in the medication administered. An ALJ may not pick and choose among the medical reports, relying upon those portions

that support a finding of non-disability while rejecting those that do not. Hardman v. Barnhart, 362 F.3d 676, 681 (10th Cir. 2004). On remand, the ALJ shall consider all of Claimant's treatment records rather than only those that demonstrate a transitory improvement.

### RFC Assessment

Claimant contends the ALJ did not fully consider the social functioning limitations contained in the record in assessing Claimant's RFC. Since much of the evidence in this area relates to the medical records the ALJ failed to consider which this Court has already determined to be a deficiency, the ALJ shall re-evaluate her RFC assessment after considering the complete medical record.

### New and Material Evidence

Claimant also contends that new evidence in the form of treatment records from the Valley Health Care System in West Virginia between July of 2007 and October of 2007 should be considered. Since this evidence pertains to treatment during the period of time relevant to the determination of Claimant's disability, the evidence is material to the issues at hand and may change the ALJ's decision on disability. Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991).

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 24th day of August, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE